■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FARRIS CATHEY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 12, 1971, convicting him of murder, upon a jury verdict, and sentencing him to an indeterminate prison term of 20 years to life. Judgment reversed, on the law, and new trial granted. The findings of fact below are affirmed. Defendant's conviction was for the stabbing death of a taxicab driver in Queens in January, 1970. The evidence linking him with the crime, which included proof of flight and an exculpatory statement, was circumstantial. While proof of flight, by itself, is weak evidence, it is probative and may be considered by a jury (*People* v. *Yazum,* 13 N Y 2d 302). That evidence, together with the other proof in this case, was, in our opinion, sufficient to convict. It is not necessary for each piece of circumstantial evidence to point to no hypothesis but guilt, but the totality must. We would add too, that defendant's statement was not entirely exculpatory. If it established nothing more, it placed defendant in the taxicab at the time the fatal stabbing occurred. He stated he was asleep in the cab and that one of his companions gave all the directions to the driver. Yet, the cab traveled from Manhattan to a point near where defendant resided in Queens. Defendant claimed his clothes got bloody when the driver reached back to grab him as defendant pushed his companions out the rear door on the driver's side. Despite our conclusion as to the sufficiency of the evidence, we direct a new trial because it was error to permit the prosecutor to read to the trial jury the entire testimony of the witness Dorsey before the Grand Jury. This was done under the guise of attacking Dorsey's credibility when, after being called by the People, he testified he could not remember his Grand Jury testimony and, upon being shown the transcript, his recollection was not refreshed. The prosecutor read each and every question and answer. The emphasis placed on it shows it was used as evidence-in-chief of defendant's guilt, not for impeachment purposes; and, in view of the closeness of the case, the resulting verdict should not be permitted to stand (see *People* v. *Price,* 35 A D 2d 1015). Rabin, P. J., Munder, Gulotta and Benjamin, JJ., concur; Martuscello, J., concurs in part and dissents in part and votes to reverse the judgment and dismiss the indictment, with the following memorandum: I concur with the decision of the majority insofar as it finds reversible error in the use of the Grand Jury testimony of Dorsey. However, I vote not only to reverse the judgment but to dismiss the indictment. The only evidence connecting defendant with the homicide was his statement that although he was in the taxicab he was unaware of what was going on because he was under the influence of drugs, that he heard a commotion, that when he turned he saw Koota stabbing the victim and that he panicked and ran away. This case is governed by the decision in *People* v. *Leyra* (1 N Y 2d 199). There the evidence against the defendant included a statement somewhat more harmful to him (he suggested that the evidence pointed to him as the perpetrator) as well as a false alibi and missing physical evidence. The decision in *Leyra* was based on the failure of the People to establish their case pursuant to the test applied where the evidence is solely circumstantial. Here too, the statement of the defendant is too equivocal

and too inconclusive to warrant a finding of guilt. The facts do not exclude to a moral certainty every hypothesis except that of guilt (*People* v. *Cleague*, 22 N Y 2d 363, 365; *People* v. *Bearden*, 290 N. Y. 478, 480). The only evidence connecting defendant with the crime came from his own mouth in the form of an exculpatory statement. To allow this conviction to stand would violate principles which have stood the test of time and permit convictions where proof of guilt in the accepted sense is lacking (*People* v. *Woltering*, 275 N. Y. 51).