■ THEODORE ANTONUCCI, Respondent, v TOWN OF IRONDEQUOIT, Appellant. — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted, in accordance with the following memorandum: On the night of May 26, 1976 a surprise stag birthday party was held at Nero's Restaurant in the Town of Irondequoit in honor of plaintiff and his cousin James Catone. After dinner two nude women appeared on the dance floor and performed simulated sexual activities. Following the show the women retired to a new Dodge van without plates parked behind the restaurant and engaged in prostitution. At approximately 1:00 A.M the Irondequoit police arrived and arrested the two women and the owner of the restaurant. At the request of the police, plaintiff and Catone drove to police headquarters where, after the depositions of four witnesses had been taken, plaintiff was charged with promoting prostitution in the second degree. He was arraigned on that charge later the same morning but it was eventually dismissed. In September plaintiff appeared before the Grand Jury at his request and it found insufficient evidence for an indictment. News of plaintiff's arrest was broadcast on the radio and published in the newspaper. Claiming pecuniary loss as well as loss of reputation and great humiliation and embarrassment, plaintiff filed suit against the Town of Irondequoit alleging false arrest, malicious prosecution, assault and battery, and negligent infliction of emotional distress, and seeking $1,000,000 in punitive damages and $500,000 compensatory damages. All causes of action were later dismissed except for that alleging malicious prosecution, which, after a jury trial, resulted in a judgment of $90,000 in favor of plaintiff. In order to prevail on a claim for malicious prosecution, one must establish four elements: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (Martin v City of Albany, 42 NY2d 13; Broughton v State of New York, 37 NY2d 451). Defendant contends that the evidence at trial failed to support a finding of lack of probable cause of plaintiff's arrest or of actual malice. The determination with respect to probable cause may sometimes be resolved as a matter of law and at times as a matter of fact (Munoz v City of New York, 18 NY2d 6, 10; Colegrove v City of Corning, 54 AD2d 1093). In the present case the issue is a mixed question of law and fact. The most incriminating evidence against plaintiff was that contained in a deposition of George Backus, the Dodge dealer who owned the van. His deposition stated that he had taken the van to the restaurant at plaintiff's request and had given plaintiff the keys to the van, thus permitting an inference of control over it. At trial Backus recanted that testimony, stating that he had pointed out its inaccuracy to the police at the time of the arrest but that they had told him that it was inconsequential. Contradicting that testimony was that of Police Officer Eisenhauer, who had taken the deposition. He testified that Backus had not asked him to make any changes and said that it was a true and accurate statement. There was thus a clear question of credibility for the jury, on which they should have been instructed that if they resolved the question of credibility in favor of the police officer and accepted as true the allegations in the Backus deposition, they were required to find as a matter of law that it constituted probable cause. Even though there is insufficient evidence on this record to support a charge of promoting prostitution in the second

degree, there is ample support for a lesser degree. At the time of this incident, section 230.20 of the Penal Law provided that a person is guilty of promoting prostitution in the third degree when he "knowingly advances or profits from prostitution." The term "advance" is defined in the Penal Law as follows: "§ 230.15 Promoting prostitution; definitions of terms. The following definitions are applicable to this article: 1. 'Advance prostitution.' A person 'advances prostitution' when, acting other than as a prostitute or as a patron thereof, he knowingly causes or aids a person to commit or engage in prostitution, procures or solicits patrons for prostitution, *provides persons or premises for prostitution purposes,* operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution." (Emphasis supplied.) Thus, one can be guilty of "advancing" prostitution by providing the premises for prostitution, exactly what it was alleged that plaintiff herein had done. Accordingly, if the jury believed the facts alleged in the Backus deposition, there would have been probable cause as a matter of law to believe that the plaintiff had committed the crime of promoting prostitution in the third degree. In charging the jury on the definition for "advancing" prostitution, the court omitted that factor from the statutory definition. As a consequence, the jury was almost precluded from finding probable cause. Although the defendant's failure to object to the charge would ordinarily be deemed a waiver *(Moore v Leaseway Transp. Corp.,* 49 NY2d 720, 722), where, as here, the error is fundamental and relates to the key factual issue, i.e., whether there was probable cause, the court is constrained to reverse in the interest of justice *(Zeleznik v Jewish Hosp.,* 47 AD2d 199, 207, and authorities cited therein). (Appeal from judgment of Monroe Supreme Court — malicious prosecution.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.