OPINION OF THE COURT
Martha K. Zelman, J.
The above-captioned case was moved to trial in Queens Supreme Court, Criminal Term, Part L-2, on January 13, 1984. The defendant, Steven Kratky, was charged with murder in the second degree and manslaughter in the second degree. The District Attorney indicated that the People intend to introduce the Grand Jury testimony of the defendant Steven Kratky as part of the People’s case. Defense counsel opposes such introduction as being improper on the grounds that proceedings before the Grand Jury are secret.
The People’s posture is that on July 7,1982, the case was presented to the Grand Jury, the defendant voluntarily appeared before the Grand Jury with counsel, waived immunity, and testified. The defendant was thereafter indicted for the above-charged crimes. The People argue that admissions of a defendant which are relevant to an issue at trial, including admissions made during the course of a Grand Jury investigation, are admissible at trial. The issue must be examined.
*950 An admission is defined as an act or declaration of a party, or of his representative or predecessor in interest, which constitutes evidence against the party at trial. In a criminal prosecution, any act or declaration of the accused inconsistent with his innocence is admissible against him as an admission. Since an admission is received on trial as a testimonial assertion, the admission is hearsay, and is admitted only as an exception to the hearsay rule (Richardson, Evidence [10th ed], §§ 209, 212). In People v Cord (160 NY 330, 341), it was stated that such “admissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever or to whomsoever made.” (Emphasis supplied.)
However, the CPL indicates that Grand Jury testimony is to be secret. CPL 190.25 (subd 4) states, “Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding. For the purpose of assisting the grand jury in conducting its investigation, evidence obtained by a grand jury may be independently examined by the district attorney, members of his staff, police officers specifically assigned to the investigation, and such other persons as the court may specifically authorize. Such evidence may not be disclosed to other persons without a court order. Nothing contained herein shall prohibit a witness from [discovering] his own testimony.”
By statute, the court has jurisdiction over Grand Jury minutes and has discretionary power to release them. (CPL 190.25, subd 4.) (In the case at bar, the Grand Jury minutes were released by court order.)
CPL 240.44 entitled “Discovery; upon pre-trial hearing”, states:
“Subject to a protective order, at a pre-trial hearing held in a criminal court at which a witness is * * * to testify, each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed:
*951 “1. Any written or recorded statement, including any testimony before a grand jury, made by such witness other than the defendant which relates to the subject matter of the witness’s testimony.” (Emphasis supplied.)
The most significant breach to the general rule that Grand Jury minutes would not be released came in 1961 in People v Rosario (9 NY2d 286, cert den 368 US 866). Before Rosario the defendant had a limited right to inspect the Grand Jury testimony of a trial witness for impeachment purposes. However, before the application would be granted, the minutes had to be examined by a Trial Judge who would release them only if there was a variance between the witness’ testimony at trial and his testimony before the Grand Jury. The Court of Appeals in Rosario, on the authority of Jencks v United States (353 US 657), held that once a witness testified for the prosecution the defendant has a right to a transcript of the witness’ Grand Jury testimony, without the prior determination of the court that conflicting statements in fact were made.
The People cite People v Rullo (31 NY2d 894) for the proposition that the Grand Jury testimony can be admitted in the People’s case-in-chief against a defendant. In Rullo, the court stated as follows (p 895): “Although it was error to receive in evidence during the People’s case-in-chief that portion of defendant’s Grand Jury testimony in which he acknowledged a prior conviction, such portion of the transcript of his Grand Jury testimony could have been redacted, and the error avoided, had defense counsel brought this matter to the attention of the trial court by means of a specific objection. The absence of a specific objection to the introduction of the prior conviction prevents this court from reviewing the issue.”
This court does not believe the Court of Appeals in Rullo (supra) passed upon the issue of the admissibility of admissions in Grand Jury testimony upon the People’s case-in-chief, but, rather, decided only the narrow issue that the People cannot introduce a prior conviction against the defendant through his Grand Jury testimony on their casein-chief.
People v Breslin (21 NY2d 712) is more in point. In Breslin, the defendant testified before the Grand Jury. At *952 trial, his Grand Jury testimony was admitted. The People argued that any error in its admission was harmless because the Grand Jury testimony was essentially the same as his testimony at trial. The Court of Appeals held the admission of the Grand Jury testimony to be harmless error. This court notes that it was error nevertheless to admit such testimony.
People v Cathey (38 AD2d 976) is another case illustrating that Grand Jury testimony cannot be received as evidence for its truth on the People’s case-in-chief. In Cathey, the prosecutor, under the guise of attacking a witness’ credibility, read each and every question and answer from the Grand Jury testimony of a witness. The court stated (p 976) that, “The emphasis placed on it shows [that] it was used as evidence-in-chief of defendant’s guilt, not for impeachment purposes; and, in view of the closeness of the case, the resulting verdict should not be permitted to stand”.
However, this court believes that because the Grand Jury minutes were released by a court order, and because the defendant voluntarily appeared with an attorney at the Grand Jury, and signed a waiver of immunity, the Grand Jury minutes can be used against him at the trial to the extent that such Grand Jury statements constitute an admission and, therefore, can be considered an exception to the hearsay rule. See People v Castillo (3 AD2d 963) where the court held that, “The waiver of immunity signed by [the] defendant on his appearance before the Grand Jury contemplated the utilization of this testimony in any later proceeding upon which it became material”.
In addition, the prosecutor using this statement must serve the defendant with a notice as required by CPL 710.30 of the People’s intention to offer such evidence. Such notice, according to the statute, must be served 15 days after arraignment and before trial. However, for good cause shown, the court may permit the People to serve such notice thereafter and in such case it must give the defendant a reasonable opportunity to move to suppress. Since the trial of this action had not begun, and the proper steps having now been taken to give the defendant notice under CPL 710.30 of the intent to offer the statement, and the *953 defendant having moved for a Huntley hearing, this court held such a heáring. As a result of the hearing, the court denied the motion to suppress. As a result, the court ruled that the Grand Jury testimony of the defendant, Steven Kratky, was admissible as evidence-in-chief at the trial. Under ordinary circumstances, however, this court would have redacted all statements that were not admissions. Here, however, though Steven Kratky chose to defend his case on the merits of alibi, he was a retarded person with an I.Q. of 56. Therefore, in the interests of justice, this court will permit the entire statement to come in. This court finds that, in any event, at least half of the statement to be an admission, and not to listen to the. entire statement would take the admission entirely out of context. Under any other factual pattern, the court would have redacted all other testimony as not being part of the admission.
Accordingly, the defendant’s entire testimony will be permitted to be read at the trial.