OPINION OF THE COURT
Irving Lang, J.
Is a grand juror a public servant? Is a grand juror acting under the direction or in cooperation with a public servant? The answers to these questions determine the defendant’s motion to preclude the admission of a statement made by him before the Grand Jury.
*630 PACTS
On the eve of trial, more than one year after defendant’s arrest, the District Attorney offered notice that he intended to introduce the defendant’s Grand Jury testimony pursuant to CPL 710.30 (1) (a). The defendant objected on the ground that the notice by the People was untimely. (People v Spruill, 47 NY2d 869; People v Briggs, 38 NY2d 319.)
ANALYSIS
CPL 710.30 (1) (a) provides: "Whenever the people intend to offer at trial * * * evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20 * * * they must serve upon the defendant a notice of such intention, specifying the evidence to be offered.” (Emphasis supplied.)
This section must be read in tandem with CPL 60.45, which defines when a statement is "involuntarily made”, and CPL 710.20 (3), which provides for suppression of a statement "involuntarily made, within the meaning of section 60.45” (CPL 710.20 [3]) "[to] a public servant engaged in law enforcement activity or [to] a person then acting under his direction or in cooperation with him” (CPL 60.45 [2] [b]).
There appears to be only one reported case which considered whether CPL 710.30 (1) (a) notice was required with respect to a defendant’s Grand Jury testimony. In People v Kratky (122 Misc 2d 949), the court (Zelman, J.) held that the People were required to file such notice. I note, however, that there is no analysis in Kratky to support this holding. Indeed, a reading of the relevant statutes and cases leads to the opposite conclusion.
Initially, CPL 710.30 requires notice of statements "involuntarily” made by a defendant. It is hardly conceivable that a statement to the Grand Jury by a defendant after signing a waiver of immunity in the presence of his attorney could be considered involuntary. Where there is no question of voluntariness, CPL 710.30 notice is not required. (People v Pray, 99 AD2d 915; People v Greer, 42 NY2d 170.)
More directly to the point is whether the Grand Jury, or individual grand jurors, are public servants or agents of public servants since the relevant statutes require notice only be given of statements made to a "public servant” or the agent of a public servant.
*631 The phrase "public servant” is defined in only one statute. Penal Law § 10.00 (15) defines a "public servant” as: "any public officer or employee of the state or of any political subdivision thereof, or of any governmental instrumentality within the state or * * * any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant.”
While the definitions contained in Penal Law article 10 refer specifically to "terms of general use in this chapter” (emphasis added) one must assume that they also apply to terms used but not separately defined in the Criminal Procedure Law. When interpreting statutes, courts may consider other statutes relating to the same subject matter. "It is a fundamental rule of statutory construction that acts in pari materia should be construed together * * * similar statutes * * * should have uniformity of application and of construction”. (56 NY Jur, Statutes, § 197, at 654-656.)
The commentary to the phrase "public servant” in Penal Law § 10.00 (15) indicates that the words were used as a comprehensive phrase broad enough to include "not only every category of government or public 'officer/ but every 'employee’ of such officer or agency, every person specifically retained to perform some government service and every person who, though not having yet assumed his official duties, 'has been elected or designated to become a public servant.’ ” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 10.00, at 22-23.)
Does a grand juror come within the ambit of the statutory definition of public servant? I think not. The Grand Jury is independent of the prosecuting authority. "[Its] primary function * * * is to * * * determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution”. (People v Calbud, Inc., 49 NY2d 389, 394; People v Monroe, 125 Misc 2d 550.) While a Grand Jury is often considered a tool or a rubber stamp of the prosecutor’s office, it is in law autonomous of the prosecutor. While the Grand Jury is an "arm of the court” neither the Grand Jury as a body or individual grand jurors are agents or employees of the court. (CPL 190.05; People v Aviles, 89 Misc 2d 1; People ex rel. Van Der Beek v McCloskey, 18 AD2d 205.)
What then are grand jurors? Simply stated, they are private citizens performing a public function. They are not employees *632 of the State nor are they agents of the prosecutor who is their legal advisor. Recently, the Court of Appeals reinforced the autonomous nature of the Grand Jury by prohibiting the District Attorney from withdrawing a case from a Grand Jury arbitrarily. (People v Wilkins, 68 NY2d 269.) It has also held that the Grand Jury can indict on a lesser charge even though the greater charge has been legally established. (People v Sullivan, 68 NY2d 495.)
Moreover, the separate and distinct treatment accorded public servants and jurors and other sections of the Penal Law is further indication of the Legislature’s intent that they not be considered synonymous. For example, the provisions dealing with bribery of public servants (Penal Law § 200.00 et seq.) are independent of those dealing with bribery of jurors (Penal Law §§ 215.19, 215.20). Clearly, had the Legislature intended jurors and public servants to be one and the same, separate bribery provisions for each group would not have been enacted. In addition, the definition of "juror” (which includes grand juror) in Penal Law § 10.00 (16) directly follows the definition of "public servant” yet neither makes reference to the other.
The Legislature does not require the prosecutor to notify defendants of admissions made to private individuals. (People v Mirenda, 23 NY2d 439.) Therefore, since defendant’s Grand Jury testimony is not a statement made to a "public servant” or his agent, the People were not required to give notice of intention to offer such evidence at trial. While grand jurors do perform a public service, they are not "public servants” within the meaning of CPL 710.30 (1) (a).
Accordingly, defendant’s motion to preclude introduction of his Grand Jury testimony is denied.