OPINION OF THE COURT
Sheri S. Roman, J.
Defendants Mejia Real Estate Inc. and Winston Mackay move for omnibus relief, in which both defendants seek inspec *318 tion of the Grand Jury minutes, suppression of evidence, discovery and disclosure.
Defendants’ motions are consolidated and determined as follows:
Those branches of defendants’ motions seeking release and inspection of the Grand Jury minutes and either reduction or dismissal of the indictment are granted to the extent that the court has examined the Grand Jury minutes and the controlling statutes in this matter to determine the legal sufficiency of the evidence presented. In examining the Grand Jury minutes, this court must determine if the People have presented a prima facie case with respect to all elements (People v Mayo, 36 NY2d 1002 [1975]).
The defendants are both charged under count one with attempted promoting prostitution in the third degree, in violation of Penal Law §§ 110.00 and 230.25 (1), in that the defendants, each aiding the other, on or about and between May 1, 1997 and May 15, 1997 in the County of Queens, knowingly attempted to advance and profit from prostitution. Under count two the defendants are charged with criminal facilitation in the fourth degree in that the defendants, each aiding the other, on or about and between May 1, 1997 and May 15, 1997, in the County of Queens, when believing it was probable that they were rendering aid to a person who intended to commit a crime, engaged in conduct which provided such person with the means or opportunity for the commission thereof and which in fact aided such person in committing a felony, to wit: promoting prostitution in the third degree.
The People’s proof before the Grand Jury consisted of the testimony of two undercover police officers. The first undercover officer testified that on May 1, 1997, he entered the defendant Mejia Real Estate’s office with another undercover officer and spoke to a real estate agent, indicating that he wanted to rent a house in the neighborhood. The real estate agent arranged to show a house to the undercover officer.
While walking to the house, the real estate agent explained that the owner wanted the house to be used for commercial purposes. The undercover officer, speaking to the agent in Spanish, explained that would not be a problem because he was “in the people business” and that the house would be a “citas” or “chicas” house, which he testified was Spanish for “house of prostitution”. The real estate agent then allegedly explained to the undercover officer that the house they were going to see would not be suitable for that purpose because it *319 had recently been used as a house of prostitution. It had been closed down by the police, with extensive media coverage. The real estate agent said that he would try to find another house that would be more suitable.
On May 14, 1997, the undercover officer returned to the defendant Mejia Real Estate’s office. On this occasion, the original real estate agent was assisted by the defendant Winston Mackay who was introduced to the undercover officers as being a real estate agent who “had some prior knowledge to [szc] this sort of business.” The defendant Mackay suggested a house in Whitestone that was in a secluded area.
The defendant Mackay got into a car with the other real estate agent, and the undercover officer and his fellow officer followed in their own car to a house in Whitestone. After arriving at the location, the police and defendant Mackay examined the house, discussing how the exterior could be modified to afford the greatest degree of privacy and how to alter the interior space to provide for the optimum amount of bedrooms. After some additional conversation about the manner in which the house of prostitution would be run, the parties spoke to the owner and learned that the house had already been rented to another individual.
At this point the defendant Mackay was arrested for attempted promoting prostitution in the third degree and criminal facilitation in the fourth degree. The corporate entity, Mejia Real Estate Inc., was also charged with the same two offenses. The matter was presented to the Grand Jury which voted a true bill with respect to both the real estate agency and the defendant Winston Mackay.
With respect to the corporate entity, Mejia Real Estate Inc., this court must first determine if the acts of the real estate agent, if believed true, are sufficient to confer criminal liability on the corporation. Corporate criminal liability for crimes is established by Penal Law § 20.20 (2). A corporation may be held criminally liable when the conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on corporations by law; or the conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or recklessly tolerated by the board of directors or by a high managerial agent acting within the scope of his employment and in behalf of the corporation; or the conduct constituting the offense is engaged in by an agent of the corporation while acting within the scope of his employment and in behalf of the corporation, and the offense is *320 (i) a misdemeanor or a violation, (ii) one defined by a statute which clearly indicates a legislative intent to impose such criminal liability on a corporation, or (iii) any offense set forth in title 27 of article 71 of the Environmental Conservation Law. Under Penal Law § 20.20 (1), a person is an agent, for purposes of conferring criminal liability on a corporation, if the person is a director, officer, employee or any other person who is authorized to act in behalf of the corporation. A person is a “high managerial agent” if he is an officer of the corporation or any other agent in a position of comparable authority with respect to the formulation of corporate policy or the supervision in a managerial capacity of subordinate employees. Thus, an “agent”, if acting within the scope of his employment, may confer criminal liability on the corporation for misdemeanor offenses the agent commits. A corporation is guilty of both felonies and misdemeanors committed by a “high managerial agent” acting within the scope of his employment and in behalf of the corporation.
In examining the sufficiency of the Grand Jury minutes, with respect to the corporate defendant, this court concludes that the People presented sufficient evidence to establish a prima facie case to permit a trier of fact to conclude that the defendant Mackay was either an agent or high managerial agent, as those terms are defined under Penal Law § 20.20 (1), so as to confer criminal liability on the defendant Mejia Real Estate Inc. for the crimes this court finds were established by the Grand Jury testimony (see, People v Mayo, 36 NY2d 1002, supra).
Although this court concludes that the corporate defendant is a proper party in this matter, this court must still determine if the facts presented are sufficient to sustain the charges contained in both counts.
Article 230 of the Penal Law defines prostitution offenses. Under the definition of terms contained in Penal Law § 230.15, “[a] person ‘advances prostitution’ when, acting other than as a prostitute or as a patron thereof, he knowingly * * * solicits patrons for prostitution, provides * * * premises for prostitution purposes * * * or engages in any other conduct designed to institute, aid or facilitate an act or enterprise of prostitution” (Penal Law § 230.15 [1] [emphasis added]). Thus a person may be held criminally liable if he provides the premises that will be used for prostitution purposes (see, Antonucci v Town of Irondequoit, 81 AD2d 743 [4th Dept 1981]).
Under Penal Law § 230.20, a person is guilty of the class A misdemeanor charge of promoting prostitution in the fourth *321 degree when he knowingly “advances or profits from prostitution.” Under Penal Law § 230.25 (1) (which is the controlling statute for the charge contained in count one), a person is guilty of the class D felony charge of promoting prostitution in the third degree when he knowingly “[a]dvances or profits from prostitution by managing, supervising, controlling or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes” (emphasis added). Thus, the escalating factors that will warrant a felony charge of promoting prostitution in the third degree in lieu of the misdemeanor charge of promoting prostitution in the fourth degree are when the advancement of the prostitution activity is due to the defendant engaging in the active role of managing, supervising, controlling, or owning a house of prostitution. All other types of activities that advance prostitution (as that term is defined in Penal Law § 230.15 [1]), including providing premises for prostitution purposes, are only covered within the ambit of the misdemeanor charge of promoting prostitution in the fourth degree (Antonucci v Town of Irondequoit, supra).
Since the proof as adduced before the Grand Jury only established that the defendants attempted to provide a premises that would be used for prostitution purposes, the Pebple failed to sustain their burden of proof with respect to the felony charge of attempted promoting prostitution in the third degree which requires the People to establish that the defendants attempted to advance or profit from prostitution by managing, supervising, controlling, or owning a house of prostitution. However, the People did present sufficient evidence to sustain the lesser included offense of attempted promoting prostitution in the fourth degree, since the proof established that the defendants attempted to provide a premises that purportedly would have been used for prostitution purposes (Penal Law § 230.15 [1]).
The Criminal Procedure Law was liberally amended in 1990 to permit the court, on inspection of Grand Jury minutes, to reduce a count of an indictment that is not sustained by the evidence to any lesser included offense (CPL 210.20 [1-a]). Therefore, pursuant to CPL 210.20 (1-a), the first count of the indictment is hereby reduced to the lesser included offense of attempted promoting prostitution in the fourth degree.
The second count charges both defendants with criminal facilitation in the fourth degree, in that the defendants, each aiding the other, on or about and between May 1, 1997 and *322 May 15, 1997, in the County of Queens, when believing it was probable that they were rendering aid to a person who intended to commit a crime, engaged in conduct which provided such person with the means or opportunity for the commission thereof and which in fact aided such person in committing a felony, to wit: promoting prostitution in the third degree. As stated by the Court of Appeals, “Section 115.00 of the Penal Law * * * requires proof that the defendant believed it ‘probable’ that, when he acted, he was rendering aid to a person who then ‘intends’ to commit a crime. The type of situation contemplated and envisaged by the section is clearly one involving assistance, of the indicated nature, by the defendant to a person who, at the time of such assistance or facilitation, not only intends to commit a crime but who subsequently does commit it in a felonious form” (People v Gordon, 32 NY2d 62, 64-65 [1973] [emphasis added]). In light of the fact that the underlying crime (promoting prostitution) was never consummated, and additionally, due to the fact that this court finds that, as a matter of law, the only crime committed was a class B misdemeanor, the second count is dismissed.
The court has inspected the instructions given by the Assistant District Attorney to the grand jurors and finds that they are sufficient (see, People v Calbud, Inc., 49 NY2d 389). Therefore, the request for release of the Grand Jury minutes and charge to defense counsel is denied.
Defendants’ requests for a bill of particulars and demands for discovery are granted to the extent that the District Attorney is to comply with the requests for a bill of particulars to the extent indicated in CPL 200.95 and is directed to comply with the demands for discovery and inspection to the extent indicated in CPL 240.20.
Defendant Mejia Realty additionally moves pursuant to CPL 200.40 to sever its trial from that of the codefendant. Upon review of the indictment, this court finds that the indictment has properly joined the defendants who are charged jointly with the remaining offense contained in the indictment which is based upon the same criminal transaction. The court further finds that the defendant has not established a “good cause” basis to warrant a severance (CPL 200.40 [1] [last unnumbered para]).
As stated by the Court of Appeals in People v Mahboubian (74 NY2d 174, 184 [1989]), “severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger * * * that the conflict *323 alone would lead the jury to infer defendant’s guilt”. Defendant Mejia claims in only conclusory terms that the defenses are antagonistic and mutually exclusive. The mere allegation that the defendant Mackay acted outside the scope of his authority does not render the defenses “mutually exclusive” and this is an insufficient basis upon which to grant severance. Therefore, defendant Mejia Real Estate’s application for severance is denied.
Defendant Mackay makes additional requests for relief. Defendant claims that at arraignment in Supreme Court the District Attorney served CPL 710.30 (1) (a) notice of intent to offer defendant’s Grand Jury testimony at trial. Defendant then moves to preclude any use of the defendant’s testimony in the Grand Jury because a copy of the testimony was not attached to the notice that was served at the Supreme Court arraignment. There is a dearth of written decisions regarding whether the People are required to serve notice if the only statement sought to be introduced is the defendant’s own testimony. In one trial court decision (People v Kratky, 122 Misc 2d 949 [Sup Ct, Queens County 1984]) it was held that notice must be served, but in another trial court decision (People v Steele, 134 Misc 2d 629 [Sup Ct, NY County 1987]) the court held that the People need not serve notice. This court finds that the notice requirement (if in fact notice is mandated) was satisfied despite the lack of an annexed transcript, and therefore defendant’s request for preclusion due to a purported failure to comport with the notice requirements set forth in CPL 710.30 (1) (a) is denied.
Alternatively, defendant Mackay moves to suppress his Grand Jury testimony claiming it was derived in part by an improper cross-examination and thus violated defendant’s right to testify in the Grand Jury. This court has examined the defendant’s testimony and finds that the questions asked by the District Attorney were not so overly vigorous as to prevent defendant from fully and fairly testifying (People v Karp, 76 NY2d 1006 [1990]). Therefore, defendant’s request for a Huntley hearing is denied.
Defendant Mackay also requests suppression of physical evidence, including “observations”, claiming that “The evidence was obtained in violation of the fourth amendment of the United States Constitution and the applicable section of the New York State Constitution. Defendant is entitled to be free from any unlawful stop and search unless the police have probable cause, reasonable suspicion, a warrant or consent. Defen *324 dant has standing to challenge the unlawful interference with her [sic] persons and premises.” Defendant further alleges in support of his request for a Mapp hearing, “Defendant was not in violation of the law when the search was conducted. Defendant was not engaged in any criminal activity or suspicious conduct. The District attorney did not supply the defendant with a voluntary disclosure form, therefore the defendant cannot articulate a more precise factual allegation regarding standing and the illegality of any search and seizure.”
In opposition to defendant’s request, the District Attorney supplied a copy of the search warrant executed in conjunction with this arrest. Defendant does not seek to controvert the search warrant, nor does he set forth a factual basis upon which to suppress any evidence seized. Therefore, his request for a suppression hearing is denied (People v Mendoza, 82 NY2d 415 [1993]).
Defendant Mackay has been provided with copies of audiotapes made during the course of the criminal transaction. Defendant Mackay also seeks preclusion of these tapes, claiming that the tapes are inaudible. The District Attorney maintains that the tapes are audible and states that they are in the process of having transcripts made. Defendant’s request is granted to the extent that a hearing is to be held, when the transcripts are produced, prior to trial, to determine if the tapes are so inaudible as to render them inadmissible (People v Mincey, 64 AD2d 615 [2d Dept 1978]; People v Lubow, 29 NY2d 58).
Defendants’ requests to extend the time to make additional motions are granted to the extent permitted pursuant to CPL 255.20.