OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion to set aside the jury verdict denied and verdict reinstated.
This action was commenced against defendant elevator maintenance company Schindler Elevator Corporation in the Supreme Court, Kings County, and arises out of an incident which occurred on May 9, 1994 when plaintiff, then an employee of Brookdale Hospital Medical Center, was injured upon stepping off a hospital transport elevator, which allegedly misleveled as he was exiting. The case was ultimately transferred to the Civil Court, Kings County, pursuant to CPLR 325 (d). Prior to the transfer, while the case was still pending in the Supreme Court, the parties moved for summary judgment. The motion court concluded that plaintiff “failed to establish that either Schindler or Brookdale had knowledge of the alleged dangerous condition” and “failed to establish that Schindler failed to use reasonable care to discover and correct a condition which it should have found,” and granted Schindler’s motion to dismiss plaintiffs complaint “to the extent that it is premised upon common law negligence.” However, the court went on to say that plaintiff raised an issue of fact as to defendant’s “alleged negligence through the application of the doctrine of res *97 ipsa loquitur” and therefore severed for trial ‘‘[p]laintiff s claim for relief premised upon the doctrine of res ipsa loquitur.”
Since neither party sought reargument of the motion or appellate review of the Supreme Court order, said order was the “law of the case,” and the determination made therein was binding upon the parties and on the trial court (28 NY Jur 2d, Courts and Judges § 236). Notwithstanding the motion court’s dismissal of the cause of action for common-law negligence, the case was nevertheless tried as if the cause of action for common-law negligence were still extant, and plaintiff proceeded based upon a theory of res ipsa loquitur, which permits a jury to infer negligence from the mere fact of the occurrence (see generally Prince, Richardson on Evidence § 3-142 [Farrell 11th ed]). In order to support the inference that would arise from the doctrine, i.e., that negligence was “more likely than not” to have occurred in bringing about the event (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]), plaintiff was allowed to introduce evidence of specific acts of negligence (Abbott v Page Airways, 23 NY2d 502 [1969]; Rossetti v Board of Educ. of Schalmont Cent. School Dist., 277 AD2d 668 [2000]).
While there was extensive trial testimony offered by plaintiffs expert and defendant’s expert, directed both to the question of whether the malfunction of the elevator, as described by plaintiff, would have occurred in the absence of negligence, as well as to the question of the reasonableness of defendant’s maintenance, inspection and repair of the elevator, there was no evidence of any specific defect which might have caused the malfunction. There was some evidence of prior malfunctioning of the elevator in question, but not in the same manner as alleged by plaintiff to have occurred on the date of the accident. Four months prior to the accident there was some flooding which may have caused corrosion in the electrical components which controlled the operation of the elevator. A report by defendant immediately after the flooding noted that there was potential for corrosion and advised to “watch for future equipment problems.” Plaintiffs expert was of the opinion that corrosion was the probable cause of the malfunction, while defendant’s expert disagreed.
Ultimately, the court charged the jury, inter alia, on the principles of common-law negligence, and on the doctrine of res ipsa loquitur, incorporating the first interrogatory of the verdict sheet, which asked: “Was the defendant . . . negligent in that the malfunction of elevator number 14 on May 14, 1994, would *98 not have occurred in the absence of negligence?” The court also included a missing document instruction in its charge, based upon defendant’s failure to produce certain maintenance records which were kept in the hospital’s “machine room” and which were left at the hospital when defendant’s contract with the hospital terminated. While defendant objected to the missing document charge and to the negligence charge as given, as well as to the first interrogatory, plaintiff did not specifically object to the negligence portion of the charge or the verdict sheet, and did not request an instruction describing defendant’s duty of care. The jury rendered a verdict in favor of defendant, answering the first interrogatory in the negative.
Plaintiff subsequently moved for a directed verdict or to set aside the verdict and grant him a new trial, arguing both that there was insufficient evidence to support the verdict and that the verdict was against the weight of the evidence. Defendant opposed, contending that the evidence strongly favored a defense verdict, and that there was no basis to order a new trial since the jury could easily have concluded that the accident was not due to any negligence on defendant’s part. Following the parties’ submissions, at the court’s request, the parties submitted additional comments on whether the court had committed error in failing to instruct the jury with respect to defendant’s duty to inspect, maintain and repair the elevator, and whether the first interrogatory was misleading.
In a decision and order entered December 9, 2005, the court granted plaintiffs motion to the extent of setting aside the jury verdict and ordering a new trial (see McClure v Schindler El. Corp., 9 Misc 3d 1124[A], 2005 NY Slip Op 51775[U] [2005]). The instant appeal by defendant ensued.
As noted above, the trial court permitted the case to be tried as if the cause of action for common-law negligence had not been dismissed. Significantly, despite the extensive trial testimony, including abundant expert testimony, the trial court did not believe that the defense verdict was not supported by sufficient evidence or that it should be set aside as contrary to the weight of the evidence (see Nicastro v Park, 113 AD2d 129 [1985]). Rather, the court was concerned with the possibility that it may have erred in failing to instruct the jury with respect to the defendant’s duty to inspect, maintain and repair the elevator, and in possibly misleading the jury by the particular phraseology of the first interrogatory of the verdict sheet, notwithstanding plaintiffs failure to raise any objection with *99 respect to the interrogatory or the verdict sheet. Where, as here, a party fails to preserve its objection to a jury charge, the law, as stated in the charge, becomes “the law applicable to the determination of the rights of the parties” in the litigation and establishes the legal standard by which the sufficiency of the evidence to support the verdict must be judged (Harris v Armstrong, 64 NY2d 700, 702 [1984]). Moreover, a trial court may not set aside a verdict “based upon legal principles which it later determines should have been included in [the] charge” (Kroupova v Hill, 242 AD2d 218, 220 [1997]).
On the other hand, if a jury charge is “ambiguous, inconsistent, erroneous, confusing, one-sided, incomplete or overly technical” (Weinstein-Korn-Miller, NY Civ Prac 11 4404.17) or if it confuses the jury or incompletely conveys the germane legal principles to be applied, a new trial should be ordered (J.R. Loftus, Inc. v White, 85 NY2d 874 [1995]). If the error relates to a key factual issue (Antonucci v Town of Irondequoit, 81 AD2d 743 [1981]), or operates to preclude the jury’s consideration of a central issue upon which the claim of liability is founded (Rivera v Bronx-Lebanon Hosp. Ctr., 70 AD2d 794 [1979]), said error may be considered to be so fundamental that it is reviewable even in the absence of an objection in the trial court.
In the instant case, the court correctly charged the jury on the burden of proof (PJI 1:60 [2006 Supp]), the principles of common-law negligence (the definition of negligence as set forth in PJI 2:10 [2006 Supp], as well as the common-law standard of care and foreseeability, as set forth in PJI 2:12 [2006 Supp]), and on the doctrine of res ipsa loquitur (modifying PJI 2:65 [2006 Supp] to state that the requirement of defendant’s control was not in dispute, and incorporating the first question of the verdict sheet). The first question of the verdict sheet was also tailored to reflect that the issue of defendant’s negligence could be determined by evaluating the circumstances surrounding the malfunction of elevator 14 so as to give rise to an inference of negligence.
In our opinion, when viewed in its entirety, the charge “as a whole conveyed the correct legal principles” to the jury (Manna v Don Diego, 261 AD2d 590, 591 [1999]), and errors therein, if any, may be deemed harmless. While the court could have defined defendant’s duty of care simply by instructing the jury that defendant was obligated to exercise reasonable care in the maintenance, repair and inspection of the subject elevator, in light of the extensive evidence admitted at trial and the overall *100 instruction to the jury, defendant’s duties were evident and obvious to the jury. It cannot be said that the omission of a more specific charge as to defendant’s duty of care prevented the jury from fairly considering the issue of negligence.
Furthermore, on this record, there was no evidence that the jury was confused either by the instruction or by the verdict sheet. While, admittedly, the first question of the verdict sheet could have been more artfully phrased, there was no objection thereto and there was no indication that the jury was unable to properly answer said question after evaluating the trial evidence. In view of the fact that the jury was instructed and directed to apply the germane legal principles applicable to the case, it cannot be said that there was such fundamental error as would require the court to set aside the verdict and order a new trial.
Accordingly, the order setting aside the verdict and ordering a new trial is reversed, plaintiffs posttrial motion denied, and the verdict in favor of defendant reinstated.
Pesce, EJ., Golia and Rios, JJ., concur.