■ MICHAEL F. PASTORE, as Parent and Natural Guardian of SHARI E. PASTORE, an Infant, Appellant, v DONALD BOONE, Respondent. (And Another Related Action.)—Levine J. Appeal from a judgment of the Supreme Court in favor of defendants, entered February 21, 1985 in Schenectady County, upon a verdict rendered at Trial Term (White, J.).

The instant actions were commenced on behalf of the then-infant plaintiff, Shari E. Pastore (hereinafter plaintiff), and

sought recovery against defendant Donald Boone for two alleged assaults and batteries and against defendant Barbara Boone for one alleged assault and battery. Each defendant answered, denied plaintiff's allegations, and interposed a counterclaim seeking damages for the intentional infliction of emotional distress.

Testimony at the ensuing trial established that defendants and their children moved into plaintiff's neighborhood in 1975 and that plaintiff, then 10 years of age, and defendants' children initially played together. Plaintiff testified that she remained on cordial terms with defendants and their children until 1978, but that between August 1978 and September 1979 three incidents occurred in which either Donald or Barbara Boone unjustifiably attempted to discipline her in the course of incidents involving their children, and, in doing so, either struck, kicked or threw her to the ground.

Plaintiff did not claim any significant physical injury as a result of these alleged attacks by defendants, but claimed they caused a psychosomatic stomach disorder which necessitated her hospitalization and surgery. Her version of the events were corroborated by two other youngsters and a treating psychiatrist gave testimony as to causal relationship.

Defendants' testimony diverged considerably from plaintiff's. Each categorically denied having attacked plaintiff at any time. Donald Boone testified that on one occasion he had scolded plaintiff for calling his daughter names, during which time plaintiff attempted to flee on her bicycle and, in the course thereof, stumbled and fell. Both defendants testified that thereafter plaintiff, for a period of years, and until they left the neighborhood in 1980, engaged in a course of harassing conduct directed against them and their children during all hours of the day and night. Several witnesses corroborated defendants' story regarding plaintiff's harassment.

The jury found against plaintiff and for defendants on each cause of action and counterclaim, and awarded each defendant $1,500 in damages. Plaintiff's motion for judgment notwithstanding the verdict was denied as was her application for an order to show cause to vacate the judgment on the ground that defendants had offered perjured testimony. This appeal by plaintiff ensued.

Plaintiff's contention that the trial court abused its discretion in denying her request to set aside the verdict is without merit. Plaintiff and defendants presented conflicting versions of the facts and plaintiff's claim that defendants' testimony

was incredible is merely an attempt to reargue issues of credibility which were properly resolved by the jury *(see, Chiesi v Lumbermens Mut. Cas. Co.,* 97 AD2d 884, 885; *Le Bel v Airlines Limousine Serv.,* 92 AD2d 996, 997).

The denial of plaintiff's ex parte application for an order to show cause is not appealable *(see,* CPLR 5701 [a] [2]; *Matter of Montgomery v LeFevre,* 87 AD2d 904) and, in any event, its basis, that the verdict was based on perjured testimony, was inadequate as nothing more than a reassertion of the same claim on issues of credibility which were resolved by the jury *(cf., McCarthy v Port of N. Y. Auth.,* 21 AD2d 125, 128-129).

Plaintiff's claim that the trial court erred in failing to charge the jury on the elements of assault without battery is likewise without merit. Plaintiff did not except to the charge and thus did not preserve the issue for our review *(see,* CPLR 4110-b; *Byrd v Genesee Hosp.,* 110 AD2d 1051, 1052; *Chiesi v Lumbermens Mut. Cas. Co., supra).* Nor are we convinced that a fundamental error was committed which would require us to reverse in the interest of justice *(see, Chiesi v Lumbermens Mut. Cas. Co., supra; cf., Antonucci v Town of Irondequoit,* 81 AD2d 743, 744). Although plaintiff's complaint alleged assault and battery, her proof at trial consisted of testimony of three alleged batteries and the trial court charged the jury as to the applicable law on battery.

We reject plaintiff's contention that the verdict rendered in favor of each defendant and the damages awarded were improper. Each defendant alleged a counterclaim for the intentional infliction of emotional distress *(see, Weisman v Weisman,* 108 AD2d 852, 853) and the jury credited their proofs and testimony in rendering a verdict. Contrary to plaintiff's assertion, the record does not establish that the jury awarded damages for counsel fees and lost wages. When the jury initially indicated its desire to do so, the trial court instructed it that neither had been proven as elements of damages and could not be considered. Moreover, the jury was twice instructed as to compensatory and punitive damages and rendered awards considerably lower than the $50,000 asked for by each defendant.

We have considered plaintiff's remaining contentions and find them to be without merit.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.