OPINION OF THE COURT
Ingrid S. Braslow, J.
The above-named petitioner, having filed a petition in this court, sworn to on April 13, 1996, seeking enforcement of the *206 support provisions of the judgment of divorce, Supreme Court, Westchester County, entered January 4, 1996 (Barone, J.), which directed respondent to pay $50 per week for support of the parties’ minor child; and respondent having filed a downward modification petition sworn to on July 3, 1996; and
The parties having appeared before a Hearing Examiner of this court to answer each respective petition and to show why the relief prayed for in each petition should not be granted; and having been advised of the right to counsel; and the parties having denied the allegations of each respective petition; and
The matters having duly come on to be heard before a Hearing Examiner of this court and the Hearing Examiner having made findings of fact and having entered final orders wherein, inter alia, petitioner’s enforcement petition was sustained, and respondent’s modification petition was dismissed; and
Counsel for petitioner having thereafter made a written application for an order directing counsel fees (X-3097-97); respondent opposed the motion; by findings of fact, conclusions of law and order entered April 17, 1997, the Hearing Examiner granted the motion to the extent that counsel fees were set at $5,000 and a money judgment was issued in that amount in favor of petitioner’s counsel; and
Specific written objections to said order entered April 17, 1997 having been timely filed with this court by petitioner after entry of said order; and this court having reviewed the objections and rebuttal filed herein;
Now, after examination and inquiry in the facts and circumstances of the case, it is hereby ordered that the objections filed herein be and are hereby denied.
Petitioner, through her attorney, does not object to the Hearing Examiner’s award of counsel fees. She objects to the Hearing Examiner’s refusal to deem an award of counsel fees as additional child support. The crux of her argument is based upon public policy. Specifically, she argues that the nonpaying parent would "think twice” before failing to pay support, if counsel fees were awarded as "additional child support” and enforceable through Family Court contempt applications. Petitioner asserts that, without this remedy, a money judgment for counsel fees is illusory and merely a paper tiger, particularly against a "judgment proof’ litigant.
This court agrees with petitioner that in many cases the practical enforcement of child support and related orders is *207 difficult. The New York State Legislature, as recently as 1995, has taken significant action to secure the rights of those entitled to support. For example, several provisions of the Domestic Relations Law, Family Court Act and Judiciary Law, among others, were amended to authorize suspension of a person’s driving privileges and State-issued professional and business licenses (see, Domestic Relations Law §§ 244-b, 244-c; Family Ct Act §§ 458-a, 458-b; Judiciary Law § 90 [2-a]). In general, licenses may be suspended if a person is four months or more in arrears of child support or child and spousal support. No legislative action was taken to amend the existing statutory sections regarding counsel fees.
Pursuant to Family Court Act §§ 438 and 454, a court may order counsel fees to the attorney representing the person on behalf of the children, or to the attorney representing the petitioner in a violation proceeding. The statute is clear and unequivocal that the award is made to the attorney, not to a party; it is separate and distinct from child support. Petitioner, argues fervently that even so, counsel fees are necessary in order for the child to receive the support to which he or she is entitled.
While the court understands that the assistance of counsel helps a person secure child support orders, the court does not understand how deeming counsel fees as child support will tangibly benefit the child. In fact, counsel admits in paragraph 8 (h) of her affirmation that part of her $5,000 counsel fee award will be paid for by petitioner by the $3,150 she received in arrears from the respondent. A review of the file also indicates that on May 1, 1997 respondent satisfied the judgment of $3,150. Presumably, the money received by petitioner went not to the children, but to her lawyer in partial payment of the $5,000 counsel fees. If this court were to designate counsel fees as child support, such action would still place the custodial parent in the position of collection agency for the attorney.
This court believes that it is better practice to keep the counsel fees issue between the attorney and the opposing party because the attorney has a better arsenal to collect from a respondent on a money judgment. Moreover, in the case at bar, contrary to counsel’s claim, the respondent herein is not judgment proof, as evidenced by his satisfaction of the aforesaid arrears judgment on May 1,1997.
The bankruptcy cases cited by petitioner in support of her position are interesting, but inapposite and not binding upon *208 this court. Generally, the purpose of the Bankruptcy Code (11 USC) is to give the debtor a fresh start. (See, In re Aughenbaugh, 119 Bankr 861, 863.) Most debts, including those resulting from the dissolution of a marriage, are dischargeable in bankruptcy. However, section 523 (a) (5) of the United States Bankruptcy Code and interpretive case law create an exception to a discharge of debts in a chapter 7 (individual) bankruptcy proceeding. Specifically, a debt to a spouse, former spouse or child of the debtor for alimony, maintenance or support is not dischargeable in bankruptcy. The policy underlying this exception favors enforcement of familial support obligations over a fresh start for the debtor. (See, In re Miller, 55 F3d 1487, 1489.) This recognition by the Federal courts of family support responsibilities as superior to the average debt is laudable, yet irrelevant to the case at bar. In bankruptcy proceedings the goal is, quite simply, to arrive at numbers for which the debtor is responsible, not to secure and enforce support orders on behalf of children.
In child support proceedings, however, the State Legislature has established a detailed procedure for prosecuting child support proceedings and enforcing child support orders. The goal of the entire administrative and judicial mechanism contained therein is to ensure that children are adequately supported by their parents. On the other hand, the primary function of a Bankruptcy Court in a personal bankruptcy proceeding is to determine the debtor’s liabilities, designate which ones are dischargeable and then direct how, and to what extent creditors are to be paid. Therefore, a Bankruptcy Court’s designation of counsel fees as nondischargeable child support is solely for determining the total amount of nondischargeable debt; It does not, nor should it address the legal or practical aspects of counsel fees as child support in child support proceedings. Therefore, the bankruptcy cases fail to provide any mandatory or persuasive authority to support petitioner’s position.
The court is mindful of the roadblocks that regularly confront counsel who zealously represent litigants seeking support. Oftentimes, there is a cycle of petitions, orders, violation petitions, violation hearings and judgments where the attorney has to work harder and longer to secure child support payments for a client. Then, while a client may ultimately receive the child support as a result of counsel’s efforts, he or she has to turn over a good part, if not most of those monies to pay the attorney. This outcome is really a Pyrrhic victory, since most of the support monies go not to the child but to the attorney. *209 By the same token, however, an attorney deserves remuneration for services rendered. This is clearly a "Catch-22” situation that may very well need legislative intervention to correct.
For the reasons stated above, however, the court is not convinced that designating counsel fees as child support in contravention of the statute would remedy the problem. The Hearing Examiner acted properly in awarding counsel fees and issuing a money judgment as provided for in the Family Court Act.
Accordingly, the objections are denied.