■ Shelly K. Anostario, Respondent, v Joseph M. Anostario, Appellant. [670 NYS2d 629] —Mikoll, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered October 2, 1997 in Albany County, which granted plaintiff's ex parte motion for an income deduction order for an award of counsel fees.

Plaintiff commenced the underlying divorce action by serving and filing a summons with notice. Defendant served and filed an answer and counterclaim for divorce. Despite the fact that plaintiff had not filed a complaint, trial commenced on June 25, 1997 and concluded on June 27, 1997. According to defendant, plaintiff tendered a complaint before the conclusion of the trial. Counsel for the parties had stipulated to the granting of mutual divorces, but Supreme Court refused to accept the

stipulation. As the trial concluded with no testimony on the issue of fault, the court dismissed both parties' causes of action for divorce and denied a subsequent motion to reargue on the issue of the rejected stipulation.

Defendant filed a notice of appeal based on the foregoing and plaintiff thereafter moved for an award of counsel fees to enable her to defend the prospective appeal. Supreme Court issued an order awarding plaintiff $10,000 in counsel fees and providing that if the amount was not paid within 10 days, plaintiff "may apply to the Court for an income deduction order". Thereafter, with no application therefor or notice to defendant, the court issued an ex parte income deduction order "pursuant to section 5242 of the Civil Practice Law and Rules". Defendant thereafter moved in this Court for a stay of said order pending appeal, which motion was denied. This appeal ensued.

As a threshold matter, we note that while ex parte orders are not appealable as of right (CPLR 5701 [a] [2]), we elect to treat defendant's appeal as an application for review pursuant to CPLR 5704 (a) (*see, Matter of Washington*, 216 AD2d 781; *Matter of Michael JJ.*, 200 AD2d 80, 82), as this matter involves questions of law, i.e., interpretation of CPLR 5242 (b) and the propriety of the Supreme Court's issuance of the ex parte order.

Turning to the substantive issue, we hold that CPLR 5241 and 5242 do not authorize income deduction orders for counsel fees. An "[o]rder of support", as defined in CPLR 5241 (a) (1), is one "which directs the payment of alimony, maintenance, support or child support". Counsel fees are not included in this definition (*see, Sitarek v Sitarek*, 179 AD2d 1065). We reject out of hand plaintiff's contention that the award of counsel fees "was construed by the Court as support and maintenance for her".

Plaintiff's reliance upon the newly enacted Uniform Interstate Family Support Act is misplaced. Aside from the fact that this law did not take effect until January 1, 1998, nearly three months after the ex parte order herein, that Act (Family Ct Act § 580-101) is specifically directed at the enforcement of interstate support obligations, not those arising between parties residing within New York.

As the order of Supreme Court was improperly issued, it is hereby reversed.

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.