■ SHELLY K. ANOSTARIO, Respondent, v JOSEPH M. ANOS-TARIO, Appellant. [676 NYS2d 328] —Mikoll, J. Appeal from an order of the Supreme Court (Teresi, J.), entered September 18, 1997 in Albany County, which granted plaintiff's motion for counsel fees.

On or about March 11, 1996, plaintiff commenced this action by service and filing of a summons with notice seeking a divorce based upon constructive abandonment. The action lay dormant pending the outcome of a custody proceeding initiated by plaintiff in Family Court on March 4, 1996, which culminated in an award of custody to plaintiff in April 1997.

This action was scheduled for trial in June 1997. At a pretrial conference shortly before the appointed date, it was discovered that plaintiff had never served a complaint. It was agreed, however, that the parties had previously stipulated, through former counsel, to the granting of mutual divorces. Apparently Supreme Court was made aware of these facts in pretrial settlement discussions, and trial commenced on June 25, 1997. Plaintiff tendered a complaint on June 27, 1997; defendant had already served his answer and counterclaim on June 25, 1997. Intending to fulfill their agreement to stipulate to mutual divorces, neither party presented testimony supporting their respective claims for divorce.

The record reveals that on several occasions counsel for both parties urged Supreme Court to permit the parties to "honor a stipulation that we reached in regard to reciprocal divorces". The trial court refused these requests, and on June 27, 1997 dismissed both parties' causes of action for failure of proof. The same day, the court denied plaintiff's request for counsel fees, stating, "The dismissals are all without counsel fees to either side. Each side shall be responsible for their own counsel fees."

On July 11, 1997, defendant moved to reargue Supreme Court's dismissal of the action, seeking to implement the parties' stipulation to mutual divorces. For reasons not apparent in the record, plaintiff opposed this relief. Defendant filed a notice of appeal of the court's refusal to accept the parties' stipulations to mutual divorces*. On August 8, 1997, plaintiff applied to Supreme Court for $12,500 in counsel fees to defend the appeal, and on September 10, 1997 the court awarded plaintiff $10,000 for this purpose. We have already ruled upon the propriety of the court's issuance of an income deduction order for this award (*see, Anostario v Anostario,* 249 AD2d 612) and now address defendant's substantive appeal of the order granting counsel fees.

---

* This appeal is scheduled for the September 1998 term.

An award of counsel fees is to be controlled " 'by the equities of the case and the financial circumstances of the parties' " (*Thomas v Thomas*, 221 AD2d 621, 623, quoting *Maimon v Maimon*, 178 AD2d 635; *see, O'Brien v O'Brien*, 66 NY2d 576). While we note the disparity in the income and resources of the parties, we are not persuaded that the equities of the situation compel an award in such an amount. In addition to the financial circumstances of the parties, factors germane to an award of counsel fees "may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). Inasmuch as neither party presented evidence to support its action for divorce, the sole issue upon the pending appeal is whether Supreme Court erred in denying the parties' repeated requests to stipulate to mutual divorces pursuant to their earlier agreement. Plaintiff's counsel pressed these requests with vigor equal to defendant's. That plaintiff has now adopted a contrary position as evidenced by her intent to challenge the pending appeal does not serve to amplify the issues presented thereon, which are perforce limited to the record of the prior proceedings.

We believe that under all the circumstances, an award of counsel fees in the amount of $3,000 is appropriate, and modify the order of Supreme Court accordingly.

Cardona, P. J., White and Carpinello, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reducing the amount of counsel fees awarded plaintiff to $3,000, and, as so modified, affirmed.