■ In the Matter of CHRISTINE DODARO, Respondent-Appellant, v GEORGE R. BEYER IV, Appellant-Respondent. [746 NYS2d 603]

The Family Court made several errors in computing the father's child support obligation. It failed to deduct Medicare taxes from the father's wages in computing his gross income (*see* 26 USC § 3101; *see also Militana v Militana,* 280 AD2d 529, 530; *Matter of Mitchell v Mitchell,* 264 AD2d 535, 538-539).

The Family Court, moreover, improperly applied the Child Support Standards Act (hereinafter the CSSA) guidelines to the first $80,000 of the father's income, rather than the first $80,000 of the combined parental income (*see* Family Ct Act § 413 [1] [b]; *see also Matter of Cassano v Cassano,* 85 NY2d 649). Accordingly, the proper amount of weekly child support is $183.08, after deducting Medicare taxes from the father's wages and application of the CSSA guidelines to the first $80,000 of the combined parental income.

Under the circumstances of this case, the Family Court should have required the father to provide life and health insurance for the child (*see* Family Ct Act § 416 [a], [c]).

Contrary to the father's contention, the Family Court properly refused to deduct unreimbursed business expenses in computing his income for CSSA purposes, as he failed to introduce the relevant tax return into evidence to support his claim regarding such expenses. Further, there was no testimony adduced at the hearing supporting such expenses.

In computing the pro rata shares of child support, the Family Court properly utilized the mother's 1999 adjusted gross income, since her decision to stop working one day per week rather than allow the father to care for the child or search for alternative commercial day care was voluntary (*see Matter of Brefka v Dobies,* 271 AD2d 876). Additionally, under the circumstances of this case, the Family Court providently exercised its discretion in declining to apply the CSSA guidelines to the combined parental income above $80,000 and properly gave its specific reasons for doing so (*see Matter of Cassano v Cassano, supra*).

Further, the Family Court providently exercised its discretion in awarding $2,500 in counsel fees (*see* Family Ct Act § 438 [a]; *Matter of Israel v Israel,* 273 AD2d 385). However, it was improper for the Family Court to order these fees to be paid as "added arrears" through the Suffolk County Support Collection Unit (*see Matter of B.M. v Z.S.,* 174 Misc 2d 205; *see also Anostario v Anostario,* 249 AD2d 612; *Sitarek v Sitarek,* 179 AD2d 1065).

The mother's remaining contention is without merit. Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.