Mercure, J.P
*1187 At the outset, we note that a Family Court order denying a “petitioner’s ex parte application[ ] for [an] order[ ] to show cause and dismissing the underlying petition[ ] [is] not appeal-able as of right” (Matter of Jeannette B. v Francis B., 238 AD2d 945, 946 [1997]; see Anostario v Anostario, 249 AD2d 612, 613 [1998]; Matter of Michael JJ., 200 AD2d 80, 82 [1994]). Nonetheless, under the circumstances, we deem it appropriate to treat the mother’s appeal as an application for review pursuant to CPLR 5704 (a), and we will review her claims (see Matter of Michael JJ., 200 AD2d at 82).
To that end, upon examination of the mother’s modification petition and the information in the record, we conclude that Family Court erred in summarily dismissing the petition. “To survive a motion to dismiss, a petition seeking to modify a prior order of custody and visitation must contain factual allegations of a change in circumstances warranting modification to ensure the best interests of the child” (Matter of Hudson v Eck, 70 AD3d 1261, 1262 [2010] [internal quotation marks and citation omitted]). Here, along with noting the son’s PINS proceeding, the petition alleges that since the prior order, the father has been physically and verbally abusive to the children, has engaged in drug use in front of the children and has denied the mother parenting time with the daughter. The mother also alleges that communication with the father has broken down and *1188 he reneged on an earlier agreement for the children to reside in her home.[2]
In dismissing the petition, Family Court found that the order of protection directing that the mother have no unsupervised contact with the son to be dispositive. Nonetheless, the propriety of that conclusion cannot be reviewed inasmuch as the record contains no information explaining the underlying circumstances pertaining to the order of protection. Nor does the record provide any information as to the order’s current status. In any event, as noted by the attorney for the children, the court’s decision does not address the mother’s claims regarding the parties’ daughter and the alleged interference with the mother’s parenting time. Given these circumstances and the sparse record before us, we conclude that summary “dismissal [was] inappropriate prior to any appearance on or response to the petition” (Matter of Newton v Simons, 52 AD3d 895, 896 [2008]).
Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision.

. At a March 7, 2011 proceeding before Family Court, the father admitted that, at one point, he became frustrated with the children and called the mother to come pick them up so that they could live with her. Although the mother evidently served a custody petition at that time, the court directed that the children be returned to the father’s care pending a resolution of outstanding matters.