(November 29, 2016)

■ CHERI RESTAURANT INC. et al., Respondents, v ALAIN EOCHE, Appellant. [42 NYS3d 113]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 25, 2015, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate an order, entered May 6, 2015 on default, strik-

ing his answer, and granted plaintiffs' cross motion for sanctions for making a frivolous motion, unanimously reversed, on the law and the facts, without costs, the motion granted, the cross motion denied, and the case remanded to Supreme Court for further proceedings, including a decision on the discovery issues raised in defendant's motion.

Defendant failed to respond to plaintiff's untimely discovery demands, appear for a scheduled deposition, or attend a scheduled compliance conference. By order entered May 6, 2015, the motion court issued an order on default, which, among other things, struck defendant's answer and directed the Clerk to place the case on the trial calendar for a hearing on damages. On May 8, 2015, defendant filed an order to show cause to vacate the order entered on default. On May 12, 2015, the motion court held oral argument on the order to show cause and ultimately refused to sign the order. The court also issued a written order, entered May 12, 2015, denying defendant's application on the record to vacate the order entered on default. On July 15, 2015, defendant moved by notice of motion to vacate or modify the default order, the denial of which is before us on this appeal.

Defendant properly moved by notice of motion to vacate the order entered on default, and the denial of that motion is an order appealable as of right (*see* CPLR 5701 [a] [3]; *Blonder & Co., Inc. v Citibank, N.A.*, 28 AD3d 180, 187 [1st Dept 2006]). The prior orders granting a default and striking the answer, refusing to sign the order to show cause, and denying defendant's application were not orders appealable as of right (CPLR 5511 [order entered on default]; *see also* CPLR 5701 [a] [appeals as of right]; *Kalyanaram v New York Inst. of Tech.*, 91 AD3d 532, 532 [1st Dept 2012] [order that does not determine a motion made on notice]). Moreover, since there was no prior motion to vacate the order entered on default, the July 15, 2015 motion to vacate cannot be construed as a motion to reargue and was not identified as such (*see* CPLR 2221), and the motion court's conclusion that the motion to vacate was an untimely motion to reargue was in error. Thus the motion court also erred in granting plaintiffs' cross motion for sanctions for the filing of a frivolous motion.

"To obtain relief from a default judgment, a party is required to demonstrate both a reasonable excuse for the default and a meritorious claim or defense to the action" (*Bobet v Rockefeller Ctr., N., Inc.*, 78 AD3d 475, 475 [1st Dept 2010]; *see also* CPLR 5015 [a] [1]). Here, defendant has adequately demonstrated a reasonable excuse, namely, "inadvertent law office failure"

(*Cruz v Bronx Lebanon Hosp. Ctr.*, 73 AD3d 597, 598 [1st Dept 2010]). Defendant's new counsel, in an affirmation submitted to the motion court, stated that there was a misunderstanding between her and defendant's former counsel, and that she was unaware of the scheduled deposition and the compliance conference when she took over representation in early April 2015, approximately a month before the May 5th conference date, which she missed. Shortly after receiving part of defendant's case file—which only contained plaintiff's discovery responses and discovery demands—defendant's new counsel became very ill and lost approximately two weeks from work. Additionally, new counsel affirmed that she was informed by defendant's former counsel that he had received an extension of time to respond to plaintiff's discovery demands. In fact, plaintiff's counsel confirmed that she agreed to the extension. Lastly, defendant's new counsel affirmed that she was unaware that this was an e-filed case as she had never appeared in the New York County Supreme Court, Commercial Division, before, and her practice involved cases mainly in Queens and Kings County, where e-filing was not mandated.

Additionally, the record does not show a "pattern of dilatory behavior" by the defendant or his counsel, or indicate that the "default was willful" (*Bobet v Rockefeller Ctr., N., Inc.*, 78 AD3d at 475). Nor is this a case in which defense counsel was "fully aware" of her obligations and "intentionally and repeatedly failed to attend to them" (*cf. Imovegreen, LLC v Frantic, LLC*, 139 AD3d 539, 540 [1st Dept 2016]).

Moreover, based on defendant's affidavit denying the existence of any written agreement providing plaintiff with a 51% interest in the company, as well as plaintiff's acknowledged failure to provide a written agreement supporting such a claim, defendant has stated a meritorious defense. Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.