■ John Quealy Irrevocable Life Insurance Trust, Appellant, v AXA Equitable Life Insurance Company, Respondent. [58 NYS3d 26]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 14, 2016, which, to the extent appealable, denied plaintiff's motion to vacate an order entered, upon default, granting defendant's motion to vacate the note of issue and dismiss the complaint for failure to provide discovery, unanimously reversed, on the facts, and as a matter of discretion in the interest of justice, with costs, the motion granted,

and the matter remanded for a determination on the merits of defendant's motion to strike the complaint. Appeal from so much of the April 2016 order as granted defendant's motion for sanctions against plaintiff, deemed an appeal from judgment, entered August 11, 2016, awarding defendant sanctions, and, so considered, said judgment unanimously reversed, on the facts, without costs, and the judgment vacated. Order, same court and Justice, entered on or about November 9, 2015, declaring plaintiff's motion for summary judgment moot, unanimously reversed, on the facts, without costs, and the declaration vacated.

The motion court improvidently exercised its discretion in sua sponte granting, on default, defendant's motion to strike the complaint. Plaintiff's papers filed in motion sequence No. 1 were also "in opposition to defendant's . . . motion seeking the striking of the note of issue" (mot sequence No. 2), and did address defendant's argument concerning its failure to respond to discovery requests by arguing that no discovery was required under the circumstances. Considered on the merits, the motion should have been granted only to the extent of compelling plaintiff to respond to defendant's discovery requests. To the extent plaintiff may be deemed to have defaulted by failing to file opposition papers in motion sequence No. 2 or to address more extensively the substance of the motion to strike, its default was reasonably excusable, given the two motion sequences addressing similar issues, and it has shown a meritorious defense against the drastic sanction of striking the complaint, namely, that it did not fail to comply with any discovery orders, because defendant never made any motion to compel discovery (*see Siegman v Rosen*, 270 AD2d 14, 15 [1st Dept 2000]). Under these circumstances, the court improvidently failed to vacate the default judgment (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

As plaintiff's motion to vacate was not frivolous, we reverse the order awarding monetary sanctions based on its making the motion. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.