■ In the Matter of St. Lawrence County Support Collection Unit, on Behalf of Cindy L. Bowman, Now Known as Cindy L. King, Respondent, v Robert G. Bowman, Appellant. (And Another Related Proceeding.) [55 NYS3d 674]—

Rose, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Morris, J.), entered April 6, 2016, which, in two proceedings pursuant to Family Ct Act article 4, denied respondent's motion for an order to show cause, and (2) from an order of said court, entered June 6, 2016, which denied respondent's motion to renew and reargue.

Respondent is the father of two children (born in 1990 and 1995). In 2003, petitioner commenced the first of these child support proceedings on behalf of the children's mother. As a result, an October 2003 consent order was issued requiring respondent to pay a certain amount in child support on a biweekly basis. In December 2007, a second consent order was issued reducing respondent's biweekly child support payment and, in November 2011, respondent's child support payment was again modified to take into account a cost of living adjustment. In 2015, petitioner commenced the second of these proceedings, alleging that respondent willfully violated the November 2011 support order by failing to make child support payments. After respondent failed to appear, the petition was granted and a money judgment for the arrears was entered.

In March 2016, respondent moved, ex parte, for Family Court to issue an order to show cause directing petitioner to demonstrate why an order should not be issued vacating the October 2003, December 2007 and November 2011 orders, as well as the money judgment. Family Court ultimately declined to issue the order to show cause, finding that respondent failed to file timely written objections to the three orders (*see* Family Ct Act § 439 [e]) and, as to the money judgment, respondent failed to establish a reasonable excuse for his default. Respondent then moved to renew and reargue, which motion Family Court denied. Respondent now appeals from the denials of both motions.

Respondent's appeal from the order denying his ex parte motion to issue an order to show cause must be dismissed as such order is not appealable as of right (*see* CPLR 5701 [a] [2]; *Cheri Rest. Inc. v Eoche*, 144 AD3d 578, 579 [2016]; *Armonk Snack Mart, Inc. v Robert Porpora Realty Corp.*, 138 AD3d 1045, 1047 [2016]; *Pastore v Boone*, 127 AD2d 872, 874 [1987]), and we decline to treat respondent's notice of appeal from that order

as an application for review pursuant to CPLR 5704 (a) inasmuch as he has failed to articulate any argument that would entitle him to relief on the merits of the appeal (*compare Matter of Bridget PP. v Richard QQ.*, 101 AD3d 1186, 1187 [2012]; *Anostario v Anostario*, 249 AD2d 612, 613 [1998]). Similarly, no appeal lies from the denial of that part of respondent's second motion that sought reargument (*see Rosen v Mosby*, 148 AD3d 1228, 1230 n 1 [2017]; *Backus v Lyme Adirondack Timberlands II, LLC*, 144 AD3d 1454, 1455 n 3 [2016]). As to the portion of the motion that sought renewal, we find that respondent "failed to satisfy the standard for renewal as [he] did not point to any new facts or change in the law that would require a different determination" (*Gonzalez v L'Oreal USA, Inc.*, 92 AD3d 1158, 1160 [2012] [internal quotation marks and citation omitted], *lv dismissed* 19 NY3d 874 [2012]; *see* CPLR 2221 [e] [2]). Accordingly, Family Court did not abuse its discretion by denying respondent's request to renew (*see generally Hyman v Schwartz*, 127 AD3d 1281, 1285 [2015]).

Peters, P.J., Garry, Clark and Rumsey, JJ., concur. Ordered that the appeal from the order entered April 6, 2016 is dismissed, without costs.

Ordered that the order entered June 6, 2016 is affirmed, without costs.