Egan Jr., J.
 

 Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered June 9, 2015, which, in a proceeding pursuant to Family Ct Act article 4, dismissed petitioner’s objections to an order of the Support Magistrate, and (2) from an order of said court, entered July 22, 2015, which denied petitioner’s motion for reargument and/or renewal.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2003). In November 2011, the parties entered into a support order, on consent, which, among other things, directed the father to pay half of all the child’s unreimbursed health-related expenses. In January 2014, upon application of the father, Family Court granted therapeutic visitation between him and the child. The father subsequently paid for and attended 13 such sessions with the child. Thereafter, the father commenced this proceeding alleging that the mother had willfully violated the parties’ prior support order by failing to reimburse him for half of the cost of these therapeutic visitation sessions. Following a hearing, a Support Magistrate determined that the father had failed to establish that the expenses incurred for therapeutic visitation constituted health-related expenses. The father filed objections to the Support Magistrate’s order and, in June 2015, Family Court dismissed the objections based upon the father’s failure to file proper proof of service of his objections. The father’s subsequent motion to reargue and/or renew was also denied. The father now appeals.
 

 We affirm. A party filing objections to an order of a Support Magistrate must serve a copy of his or her objections upon the opposing party and file proof of service thereof with the court at the same time that he or she files the objections (see Family Ct Act § 439 [e]). While Family Court has discretion to overlook a party’s failure to timely file proof of service of objections on the opposing party and address the merits (see Matter of Fifield v Whiting, 118 AD3d 1072, 1073 [2014]; Matter of Ryan v Ryan, 110 AD3d 1176, 1178 [2013]), it does not constitute an abuse of discretion for the court to demand that a party adhere to the statutory filing requirements set forth in Family Ct Act § 439 (e) (see Matter of Riley v Riley, 84 AD3d 1473, 1474 [2011]). Here, the father timely filed objections and served a copy of the objections upon the mother’s counsel; however, the certificate of service for the objections was not sufficient since it was not properly notarized, which was “tantamount to a complete failure to file any proof of service” (Matter of Simpson v Gelin, 48 AD3d 693, 693 [2008]).
 

 Additionally, no appeal lies from the denial of that part of the father’s motion that sought reargument of Family Court’s dismissal of his objections (see Matter of St. Lawrence County Support Collection Unit v Bowman, 152 AD3d 899, 900 [2017]). Further, with regard to that part of the father’s motion that sought renewal, we find no abuse of discretion in Family Court’s denial of same based upon the father’s failure to sufficiently delineate the legal basis under which he sought relief (see CPLR 2221). In any event, upon review, he failed to satisfy the standard for renewal to extent that he did not point to any new facts or a change in the law that would have required a different outcome (see Matter of St. Lawrence County Support Collection Unit v Bowman, 152 AD3d at 900).
 

 Based on our holding, the father’s remaining contention has been rendered academic.
 

 Garry, J.P., Rose, Mulvey and Rumsey, JJ., concur.
 

 Ordered that the orders are affirmed, without costs.