O'Brien v O'Brien (2018 NY Slip Op 05182)





O'Brien v O'Brien


2018 NY Slip Op 05182


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-11714
 (Index No. 9349/12)

[*1]William O'Brien, respondent, 
v
Deborah O'Brien, appellant.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (William J. Larkin III of counsel), for appellant.
Levinson, Reineke & Ornstein, P.C., Central Valley, NY (Justin E. Kimple of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of the Supreme Court, Orange County (Debra J. Kiedaisch, J.), dated September 21, 2015. The judgment, upon a decision and order dated June 26, 2015, made after a nonjury trial, inter alia, directed the defendant to pay child support in the sum of $1,382.60 per month, directed the defendant to pay child support arrears in the sum of $30,433, directed the defendant to maintain a life insurance policy in the amount of $200,000 to secure her child support obligation, did not award the defendant maintenance, determined that the sum of $60,000 given to the parties by the defendant's parents was a gift, not a loan, awarded the plaintiff an equitable distribution credit in the sum of $3,700 for rental income wrongfully retained by the defendant, did not direct the plaintiff to pay the defendant's medical bills, did not direct the plaintiff to pay the outstanding debt on the defendant's credit cards, and denied the defendant's application for an award of counsel fees.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay child support in the sum of $1,382.60 per month, and substituting therefor a provision directing the defendant to pay child support in the sum of $1,034.60 per month, (2) by deleting the provision thereof directing the defendant to pay child support arrears in the sum of $30,433, and substituting therefor a provision directing the defendant to pay child support arrears in the sum of $24,846, (3) by deleting the provision thereof directing the defendant to maintain a life insurance policy in the amount of $200,000 to secure her child support obligation, and substituting therefor a provision directing the defendant to maintain a life insurance policy in the amount of $98,822.32, and (4) by deleting the provision thereof awarding the plaintiff an equitable distribution credit in the sum of $3,700 for rental income wrongfully retained by the defendant, and substituting therefor a provision awarding the plaintiff a credit in the sum of $2,725; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married January 3, 1992, and they are the parents of three children, born in 1997, 1998, and 2004, respectively. In November 2012, the plaintiff commenced this action for a divorce and ancillary relief. The defendant appeals from stated portions of the judgment of [*2]divorce related to maintenance, child support, equitable distribution, and certain pendente lite arrears.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to award her maintenance. The amount and duration of maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see Carr-Harris v Carr-Harris, 98 AD3d 548, 551; Wortman v Wortman, 11 AD3d 604, 606). In cases such as this one, commenced prior to January 23, 2016 (see L 2015, ch 269, § 4), a court is required to consider the statutory factors set forth in Domestic Relations Law former § 236(B)(6)(a) (see Shortis v Shortis, 274 AD2d 880, 882; Mulverhill v Mulverhill, 268 AD2d 948, 949). Here, after consideration of the statutory factors, the court properly declined to award the defendant maintenance (see Shortis v Shortis, 274 AD2d at 883).
The Supreme Court improvidently exercised its discretion in imputing income to the defendant in the sum of $66,000, and then computing her child support obligation based on that income, because there was no evidence that the defendant's past income or demonstrated future potential earnings amounted to $66,000 or any amount close to that figure. Thus, the determination had no basis in law or fact (see D'Amico v D'Amico, 66 AD3d 951, 952; Gezelter v Shoshani, 283 AD2d 455, 456-457). The credible trial evidence established that the defendant had a high school diploma, and at various times during the marriage had worked at a delicatessen, as a medical assistant, and as a dental assistant. The defendant's mother testified that she had been giving the defendant between $1,800 and $2,000 each month since the defendant had left the marital residence. " The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives'" (Haagen-Islami v Islami, 96 AD3d 1004, 1005, quoting Duffy v Duffy, 84 AD3d 1151, 1152). Here, the court should have imputed an annual income to the defendant in the sum of $30,000, not $66,000, based on the evidence of the defendant's educational background and past earnings, as well as the monetary gifts that the defendant's mother provided to her (see Walter v Walter, 38 AD3d 763, 765-766; Matter of Dodaro v Beyer, 297 AD2d 379, 380; see also Kessler v Kessler, 118 AD3d 946, 948). Based upon an imputed income of $30,000, the defendant's child support obligation should be the sum of $1,034.60 per month.
Contrary to the defendant's contention, the Supreme Court correctly determined that she was responsible for child support arrears (see Family Ct Act § 413; Matter of Roe v Doe, 29 NY2d 188, 192-193). However, the court erred in directing the defendant to pay child support arrears in the sum of $30,433 based, in part, on an imputed annual income in the sum of $66,000. Since the court should have only imputed to the defendant an annual income in the sum of $30,000, the defendant should have been directed to pay child support arrears in the sum of only $24,846.
We agree with the Supreme Court's determination to direct the defendant to obtain life insurance to secure her child support obligation (see Domestic Relations Law § 236[B][8][a]; Penna v Penna, 29 AD3d 970, 972). However, based upon a monthly child support obligation of $1,034.56 for three children, born in 1997, 1998, and 2004, respectively, the defendant should have been directed to maintain a life insurance policy in the amount of $98,822.32.
We agree with the Supreme Court's determination that the sum of $60,000 that was provided to the parties by the defendant's parents was not a marital debt. The defendant failed to submit evidence sufficient to establish that those funds were a loan and not a gift (see Matter of Palma, 17 AD3d 817, 818; General Obligations Law § 5-701[a][1]). The court properly awarded the plaintiff a credit representing his one-half share of a down payment which the defendant made towards the purchase of a 2008 Audi because the car was purchased in the defendant's name during the marriage (see Domestic Relations Law § 236[B][1][c]; Fields v Fields, 15 NY3d 158, 162). The court also properly distributed certain escrow funds, awarding each party an approximately one-half interest in the funds (see Domestic Relation Law § 236[B][5]; Meza v Meza, 294 AD2d 414, 415-416; Rindos v Rindos, 264 AD2d 722, 723).
However, the Supreme Court erred in its calculation of the equitable distribution [*3]credit due to the plaintiff for rental income wrongful retained by the defendant. Pursuant to a pendente lite order dated March 26, 2013, the plaintiff was directed to pay to the defendant temporary spousal maintenance in the sum of "$150 bi-weekly" and the defendant was directed to turn over to the plaintiff a $400 monthly rental payment from the defendant's mother who was a tenant in the marital residence. Neither party complied with their obligations under the pendente lite order, resulting in a net credit due to the plaintiff. However, as the defendant correctly notes, when calculating the amount of the credit the court erroneously stated that the plaintiff's pendente lite maintenance obligation was "$300 per month," resulting in a credit in the sum of $3,700. Using the correct pendente lite maintenance obligation of "$150 bi-weekly" results in a credit to the plaintiff in the sum of $2,725.
We agree with the Supreme Court's determination to deny the defendant's request for reimbursement for the medical expenses she incurred for treatment at a treatment center called Restorative Management, because the defendant admitted at trial that she underwent treatment at Restorative Management, not because she had a substance abuse problem, but because she was seeking to hide her extramarital affair (see Family Ct Act §§ 412[1]; 416[a]; see also Matter of Commissioner of Social Servs. of Franklin County v Bernard B., 87 NY2d 61, 71-72). The court properly denied the defendant's request for reimbursement for medical expenses for her doctor in Brooklyn and for other out-of-network doctors, since the defendant admitted at trial that she was reimbursed by her insurance company for those expenses. The court properly denied the defendant's request for a direction that the plaintiff pay one-half of her credit card debt because the credit card purchases were not documented (see Matter of Yorkroad Assoc. v New York State Div. of Hous. & Community Renewal, 19 AD3d 217, 217-218).
The Supreme Court properly considered the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of the defendant in unnecessarily prolonging the litigation in denying her application for an award of counsel fees (see Heydt-Benjamin v Heydt-Benjamin, 127 AD3d 814, 815; Vitale v Vitale, 112 AD3d 614, 615).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court