Cornwall Warehousing, Inc. v Lerner (2019 NY Slip Op 02825)





Cornwall Warehousing, Inc. v Lerner


2019 NY Slip Op 02825


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8994 153561/14

[*1]Cornwall Warehousing, Inc., et al., Plaintiffs-Appellants,
v
Jonathan C. Lerner, et al., Defendants-Respondents.


Berg & David, PLLC, Brooklyn (Shane Wax of counsel), for appellants.
Bressler, Amery & Ross, P.C., New York (Michael T. Hensley of counsel), for respondents.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered on or about November 27, 2017, which denied plaintiffs' motion to vacate an order, same court (Paul Wooten, J.), entered on or about November 13, 2015, granting, on default, defendants' motion to strike the complaint, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted and the complaint reinstated.
Plaintiffs demonstrated a reasonable excuse for their default (CPLR 5015[a][1]), based on law office failure, as detailed in the affirmation of their former counsel who miscalendared the motion (CPLR 2005; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286 [2d Dept 2012]). Plaintiffs then moved to vacate the order entered on their default, showing that they had a meritorious defense to the underlying motion to strike their complaint pursuant to CPLR 3126 (c), since they were not in default of any disclosure order (see John Quealy Irrevocable Life Ins. Trust v AXA Equit. Life Ins. Co., 151 AD3d 592, 593 [1st Dept 2017], lv dismissed 30 NY3d 1091 [2018]; DaimlerChrysler Ins. Co. v Seck, 82 AD3d 581, 582 [1st Dept 2011]). Plaintiffs also demonstrated a potentially meritorious cause of action by providing the affidavit of their president setting forth the basis of their legal malpractice claim (see Cheri Rest., Inc. v Eoche, 144 AD3d 578, 579-580 [1st Dept 2016]).
In light of the strong public policy of this State to dispose of cases on their merits, the court improvidently exercised its discretion in denying plaintiffs' motion to vacate the order entered on default (DaimlerChrysler Ins. Co. v Seck, 82 AD3d at 582; see Chelli v Kelly Group, P.C., 63 AD3d 632 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK