Matter of Monica F. v Robert G. (2019 NY Slip Op 09335)





Matter of Monica F. v Robert G.


2019 NY Slip Op 09335


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527533

[*1]In the Matter of Monica F., Appellant,
v
Robert G., Respondent.

Calendar Date: November 12, 2019

Before: Garry, P.J., Egan Jr., Lynch and Aarons, JJ.


Renee Albaugh, Accord, for appellant.
Larisa Obolensky, Delhi, for respondent.



Egan Jr., J.
Appeal from a decision of the Family Court of Chenango County (Revoir Jr., J.), entered August 24, 2018, which, in a proceeding pursuant to Family Ct Act article 6, denied petitioner's application for an order to show cause to vacate a prior default order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child born in 2012. In May 2016, Family Court entered a custody order on stipulation, granting the parties joint legal custody of the child, with alternating week-to-week physical placement of the child. The parties thereafter filed separate petitions each seeking modification of the May 2016 custody and visitation order. The mother failed to appear at the September 2016 initial appearance on her modification petition and, as a result, Family Court dismissed her petition and entered an order continuing the award of joint legal custody of the child and granted the father's request for primary physical placement of the child, with visitation to the mother. The mother thereafter filed a second custody modification petition but, after she failed to appear for a January 2017 court appearance, Family Court dismissed her second petition, continuing in effect the prior September 2016 custody order.[FN1] The mother then filed a third modification petition upon which Family Court assigned her counsel, ordered a home study of her residence and scheduled the matter for a fact-finding hearing. The date of the fact-finding hearing was subsequently rescheduled several times and was ultimately set for January 16, 2018. The mother failed to appear at the January 16, 2018 hearing and Family Court, once again, dismissed her petition, continuing in full force and effect the previously entered September 2016 custody order.[FN2] On July 30, 2018, the mother filed an order to show cause seeking to, among other things, open her default, set aside the judgment and have Family Court reschedule the fact-finding hearing. Family Court declined to sign the order to show cause and, on August 20, 2018, issued a decision denying same, with prejudice. Family Court further directed that any new modification petition filed by the mother would need to allege a change in circumstances subsequent to January 16, 2018. The mother appeals.
To the extent that the mother seeks to appeal from Family Court's August 20, 2018 decision, we note that said decision was never reduced to an order and "no appeal lies from a writing declining to sign an order to show cause" (Xiaoling Shirley He v Xiaokang Xu, 165 AD3d 1501, 1502 n [2018]; see USA Recycling, Inc. v Baldwin Endico Realty Assoc., Inc., 147 AD3d 697, 698 [2017]). Even assuming, without deciding, that Family Court's August 2018 decision constituted an order, we note that an order denying an ex parte application seeking issuance of an order to show cause is not appealable as of right (see CPLR 5511, 5701 [a] [2]; Matter of St. Lawrence County Support Collection Unit v Bowman, 152 AD3d 899, 899 [2017], appeal dismissed 30 NY3d 1032 [2017]; see also New York Ctr. for Esthetic & Laser Dentistry v VSLP United LLC, 159 AD3d 567, 568 [2018]; Nall v Estate of Powell, 99 AD3d 411, 412 [2012], lv denied 20 NY3d 993 [2013]). Accordingly, the mother's appeal must be dismissed.
Garry, P.J., Lynch and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: At the October 2016 initial appearance on the mother's second modification petition, she claimed that she defaulted on her previous petition because she was hospitalized. In turn, Family Court directed the mother to provide verification of said hospitalization prior to her next court appearance; however, the mother never provided said verification and subsequently failed to appear for the next scheduled court appearance in January 2017.

Footnote 2: Family Court made certain minor changes to the September 2016 custody order, which actually resulted in the mother obtaining additional visitation time with the child.