Traub v Basketball City N.Y. LLC (2025 NY Slip Op 00931)

Traub v Basketball City N.Y. LLC

2025 NY Slip Op 00931

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Index No. 151596/18, 595426/19, 595530/20 Appeal No. 3256 Case No. 2022-05777 

[*1]Mark Traub, Plaintiff-Respondent,
v
Basketball City New York LLC et al., Defendants-Appellants-Respondents, Viacom International Inc. et al., Defendants-Respondents-Appellants.

Basketball City New York LLC et al., Third-Party Plaintiffs-Appellants-Respondents,
v
New Games Productions Inc., Third-Party Defendant-Respondent.

ViacomCBS Inc. et al., Second Third-Party Plaintiffs-Respondents,
v
Pier Productions & Entertainment LLC, Second Third-Party Defendant-Appellant-Respondent.

Goldberg Segalla, LLP, White Plains (William T O'Connell of counsel), for Basketball City New York LLC and Basketball City U.S.A. LLC, appellants-respondents.
Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for Pier Production & Entertainment LLC, appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Viacom International Inc., and Viacom CBS Inc., respondent-appellant/respondent.
Cascione, Purcigliotti and Galluzzi P.C., Eastchester (Thomas G. Cascione of counsel), for Mark Traub, respondent.

Order, Supreme Court, New York County (James D'Auguste, J.), entered November 21, 2022, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, and denied defendants Basketball City New York LLC and Basketball City U.S.A. LLC's (collectively, BBC) cross-motion for summary judgment dismissing the complaint as against it and on its common-law indemnification claim against third-party defendant New Games Productions Inc. (NGPI), unanimously affirmed, without costs.
Plaintiff was one of a team of approximately 60 stagehands belonging to a union hired to erect a temporary stage for an awards show at Pier 36 in Manhattan. Plaintiff testified that although he was assigned to the audio department for the project, the union's stagehands were required to perform all aspects of stage construction, including audio, video, rigging, and carpentry, when needed. As a result, plaintiff received a multitude of inter-departmental assignments throughout the several-day project, such as constructing the scaffolding and decking of the stage and installing and cabling speakers and video wall. During the day prior to the show, plaintiff performed a number of construction tasks including going up in a "genie" lift to fix a malfunctioning speaker and helping the carpenters install decking and staging. Plaintiff was then tasked with wiring the audio system for a rolling drum riser to be used during the show. While backstage retrieving necessary audio cables for the riser, plaintiff was holding onto the stage's railing to guide himself when the lights were turned off and on during a lighting test, causing him to become disoriented and fall off the stage because part of the railing was missing. Plaintiff suffered injuries, and this action ensued.
As a threshold matter, the court improvidently exercised its discretion in declining to consider BBC's misfiled cross-motion for summary judgment (see CPLR 2001), given that the parties opposed the cross-motion under the correct motion sequence number, and the cross-motion was properly included in the record (see John Quealy Irrevocable Life Ins. Trust v AXA Equit. Life Ins. Co., 151 AD3d 592, 593 [1st Dept 2017], lv dismissed 30 NY3d 1091 [2018]).
Regardless, the court properly granted plaintiff summary judgment on his Labor Law § 240(1) claim. "Labor Law § 240(1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880 [2003]). The construction of the temporary stage in this case qualifies as protected activity within the ambit of Labor Law § 240(1) (see Seemueller v County of Erie, 202 AD2d 1052, 1052 [4th Dept 1994][dismantling of temporary stage covered by Labor Law § 240(1)]; see also Shea v Bloomberg, L.P., 124 AD3d 621, 622 [2d Dept 2015] [ruling that plaintiff raised issue of fact as to whether the breaking down of temporary stages [*2]and canopies was covered by Labor Law § 241(6)]).
BBC's contention that the activity engaged in at the exact moment of injury is determinative of liability is belied by this Court's jurisprudence. We have repeatedly held that a full assessment of the work being performed is required (see Prats, 100 NY2d at 882 ["it is neither pragmatic nor consistent with the spirit of the statute to isolate the moment of injury and ignore the general context of the work"]; see also Saint v Syracuse Supply Co., 25 NY3d 117, 124-125 [2015] [citing Prats to reject defendant's argument that the court should limit its analysis of plaintiff's activity to the moment of his injury, instead analyzing the totality of work plaintiff performed on the project]).
On this record, it is clear that plaintiff was engaged in construction-related activity covered by the Labor Law when he was injured while retrieving the audio cables for the drum riser. Plaintiff had participated in the construction of the stage and the riser throughout the project, including on the day of the accident, in service of a union that was performing a contract to carry out construction activities clearly covered by Labor Law § 240(1) (see Prats, 100 NY2d at 881 [summary judgment awarded to plaintiff injured while performing inspection "ongoing and contemporaneous" with the physical work involved in overhaul of air-conditioning system for which plaintiff was hired]). Further, plaintiff's task of wiring the drum apparatus for use in the show was ultimately part and parcel of the stage's overall construction (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686, 686 [1st Dept 2017][finding the plaintiff's activity within the purview of Labor Law § 240(1) where the injury occurred while removing furniture from an exhibition booth, because plaintiff's "specific task at the moment the accident occurred was ancillary to and part of the larger demolition job of dismantling the booths, in which he was to participate"]). The fact that plaintiff's discrete task of fetching the cables neither involved the physical construction of the stage itself nor its attached rigging and electronics fails to compel a different result. For the aforementioned reasons, we hold that the court properly granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim.
BBC failed to establish its entitlement to summary judgment on its common-law indemnification claim as against NGPI, because it failed to establish its freedom from negligence as to the lighting conditions (see Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444 [1st Dept 2022]; see generally Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025